BRETT L. TOLMAN, United States Attorney (No. 8891)
SCOTT J. THORLEY, Assistant United States Attorney (No. 3248)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Scott.Thorley@usdoj.gov

FILED
U.S. DISTRICT COURT

2009 MAR 18  P 3: 23

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Vio. 18 U.S.C. §1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1956 (a)(1)(A)(i) (Money Laundering); 18 U.S.C. § 1349 (Conspiracy); 18 U.S.C. §§ 2(a) and 2(b)(Aiding and Abetting; Willfully Causing Another to Commit a Crime) |
| RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | |
| Defendants. | |

Case: 2:09-cr-00133
Assigned To : Benson, Dee
Assign. Date : 3/18/2009
Description: USA v

The Grand Jury Charges:

**BACKGROUND**

At all times relevant to this Indictment:

**Scheme Participants**

1. Defendant RONALD WILLIAM HAYCOCK, SR. was a resident of Davis County, Utah. Defendant HAYCOCK formed and controlled the following four business entities (collectively, the "Haycock Entities"):

      a.    <u>Lawrence Skinner and Associates</u> ("Lawrence Skinner") - Defendant HAYCOCK was a managerial accountant doing accounting work for Lawrence Skinner;

      b.    <u>Paramount Strategies</u> ("Paramount") - Paramount, a subsidiary company of Lawrence Skinner, conducted real estate transactions and handled real estate investments;

      c.    <u>Layton Davis Financial</u> ("Layton Davis") - Layton Davis managed mortgages and properties on behalf of Paramount; and

      d.    <u>Ireland West LLC</u> ("Ireland West") - Ireland West was a joint venture that conducted real estate transactions and handled the proceeds of those transactions.

2.    Defendant LYLE CLAY SMITH was a resident of Davis County, Utah. Defendant SMITH was vice president of Lawrence Skinner, identified properties to be purchased through Lawrence Skinner, and processed and completed loan transactions on behalf of Lawrence Skinner. Defendant SMITH also managed Layton Davis.

3.    Defendant JAMIS MELWOOD JOHNSON was a resident of Salt Lake County, Utah. Defendant JOHNSON engaged in activities related to Lawrence Skinner, Paramount, and Layton Davis real estate transactions, including issuing verifications of deposit ("VODs") and verifications of assets ("VOAs") to facilitate the closing of some of the loan transactions identified in this Indictment. Defendant JOHNSON did not have a license to practice law in Utah but was licensed to practice in New York.

4.    Various "straw buyers" participated in the loan transactions identified in this Indictment. These straw buyers were recruited to sign and submit real estate purchase agreements and loan documentation (collectively, "purchase and loan documents") to lenders using their favorable personal credit rating. At times, and as described below, the purchase and loan documents contained false and misleading financial information about the straw buyers and

concealed from the lender material information concerning the funding of the transaction and use of loan proceeds.

**Scheme Victims: The Mortgage Lenders**

5. America's Wholesale Lender ("AWL"), Countrywide Home Loans ("CHL"), Countrywide Bank ("CWB"), Argent Mortgage ("AM"), Paragon Home Lending ("PHL"), Shoreline Lending ("SL"), and Mountain States Mortgage ("MSM"), were mortgage lenders with national business operations that included offices or lending functions in Utah. As described in detail below, these mortgage lenders approved and funded loans primarily based upon borrowers providing true and accurate information, along with adequate documentation, which met their respective mortgage underwriting standards.

**The Mortgage Loan Application, Approval, and Funding Process**

6. As part of the mortgage application process, mortgage lenders AWL, CHL, CWB AM, PHL, SL, and MSM (collectively, the "Mortgage Lenders") required a loan application, along with supporting documentation, which accurately reflected a borrower's financial condition, assets, income, liabilities, and ability to repay and retire the mortgage, as well as information concerning the condition of the property serving as security for the loan. The loan application was required to be signed by the borrower under oath. The Mortgage Lenders required the foregoing information, attested to under oath, in order to make knowledgeable and informed lending decisions. This phase of loan verification during which an assessment of the risk of granting a loan against the possibility of a borrower default is called "underwriting."

7. Prior to closing the transaction, the Mortgage Lenders also required submission of an appraisal report accurately reflecting the fair market value of the property and market conditions surrounding the property. The Mortgage Lenders used the appraisal report in their underwriting and lending decisions.

8.      At the loan closing, the closing agent was required to prepare a Settlement Statement ("Form HUD 1") which accurately reflected the receipt and disbursement of transaction funds. The Form HUD 1also showed, among other things, the down payment paid by the borrower and funds due to the seller. Based on the closing instructions, the closing agent was charged with verifying the legitimate source of the down payment, collecting the indicated funds from the borrower and, following execution by the borrower and seller of appropriate legal documents, disbursing the loan proceeds for the benefit of the seller.

### THE SCHEME AND ARTIFICE TO DEFRAUD

9.      Beginning sometime prior to mid-2005 to around August 2007, in the Central Division of the District of Utah, and elsewhere,

**RONALD WILLIAM HAYCOCK, SR.,
LYLE CLAY SMITH, and
JAMIS MELWOOD JOHNSON,**

defendants herein, devised and intended to devise, and did aid and abet each other therein, a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises and omissions of material facts by obtaining real estate loans from one or more of the Mortgage Lenders, as detailed below. In executing and attempting to execute the scheme and artifice to defraud, the defendants:

   a.   knowingly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343 (Wire Fraud);

   b.   knowingly deposited and caused to be deposited in an authorized depository for mail a matter or thing to be sent and delivered by the United States Postal Service or by any private or commercial interstate carrier, according to the directions thereon, in violation of 18 U.S.C. § 1341 (Mail Fraud); and

   c.   caused financial transactions to be conducted with proceeds of the specified unlawful activities (i.e., mail fraud and wire fraud) with

4

the intent to promote the carrying on of such activities, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

10. It was the object of the scheme and artifice to defraud for the defendants to obtain money fraudulently by inducing the Mortgage Lenders, through false statements, misrepresentations, deception, and omissions of material facts, to loan money to straw borrowers.

## MANNER AND MEANS OF THE OF THE SCHEME AND ARTIFICE TO DEFRAUD

11. It was a part of the scheme and artifice to defraud that defendant HAYCOCK caused defendant SMITH and others associated with the Haycock Entities to search for and identify residences that could be placed under contract for purchase in Davis, Salt Lake, and Utah Counties. These residential properties often were in financial distress that had either remained unsold for an extended period of time on the market or for which the owner or builder had a need to sell.

12. It was further a part of the scheme and artifice to defraud that defendant HAYCOCK caused purchases and sales of residential properties including, among others, the following properties in Davis County, Salt Lake County and Utah County, Utah (collectively, the "Haycock Properties"):

    a.     11897 Harvest Moon Lane, Highland, Utah;

    b.     354 East Pheasant View Drive, Draper, Utah;

    c.     1408 Military Way, Salt Lake City, Utah;

    d.     15023 South Pastoral Way, Salt Lake City, Utah;

    e.     14788 South Shadow Grove Court, Draper, Utah;

    f.     10094 South Wasatch Boulevard, Sandy, Utah;

   g.  19 East Windsong Drive, Pleasant Grove, Utah;

   h.  891 East Osmond Lane, Provo, Utah;

   i.  533 East Mountainville, Alpine, Utah;

   j.  13595 Royal Chase Circle, Draper, Utah;

   k.  62 West Roberts Circle, Farmington, Utah; and

   l.  214 North Morningside Drive, Farmington, Utah.

13. It was further a part of the scheme and artifice to defraud that defendant HAYCOCK:

   a.  induced the owners/sellers of the Haycock Properties to sell their homes at a fixed price to an entity or a straw buyer controlled by defendants HAYCOCK and SMITH;

   b.  required each owner/seller of the Haycock Properties to enter into a joint venture agreement with Paramount or Ireland West (the "Joint Venture"); and

   c.  promised owners/sellers, under the Joint Venture agreement, a portion of the profits stemming from the sale of their residence.

14. It was further a part of the scheme and artifice to defraud that defendants HAYCOCK and SMITH:

   a.  recruited straw buyers to participate in the purchases of the Haycock Properties. These straw buyers were often referred to by the defendants as "FICO buyers;"

   b.  induced straw buyers to participate in the purchases of the Haycock Properties by making, or causing to be made, one or more of the following false and fraudulent representations:

    (1) the straw buyer would not have to make a down payment or invest any money of their own to buy the home;

    (2) the straw buyer would be paid a substantial fee for signing the loan papers;

    (3) the straw buyer would have no financial risk and would have no obligation to make loan payments on the home;

  (4) one of the Haycock Entities would make the loan payments for the Haycock Properties;

  (5) the straw buyer need not occupy the home; and

  (6) the home would be resold in short order, thus relieving the straw buyer of any liability for the loan;

c. required and instructed straw buyers to form a limited liability company, or "LLC," to qualify for the loan and to receive a portion of the transaction proceeds as a fee for their participation;

d. concealed from the Mortgage Lenders, as summarized in paragraphs 14.b. and 14.c. above, material information concerning the funding of the transaction and use of loan proceeds;

e. caused material false statements to be made in purchase and loan documents submitted to the Mortgage Lenders concerning the straw buyer's income, assets, plans to occupy the residence, down payment, and plans to make loan payments; and

f. caused the straw buyers to sign purchase and loan documents to purchase one or more of the Haycock Properties.

15. It was further a part of the scheme and artifice to defraud that defendants HAYCOCK and SMITH caused the creation and submission to the Mortgage Lenders appraisals supporting straw buyer purchase and loan documents on the Haycock Properties. These appraisals reflected a value equivalent to a sales price established by the defendants rather than the price agreed to by the owner/seller. To obtain the inflated appraisals necessary to approval of the loans, the defendants supplied the appraisers with the straw buyer sales contract price, and rejected appraisals that failed to reflect that inflated value.

16. It was further a part of the scheme and artifice to defraud that defendants HAYCOCK, SMITH, and JOHNSON caused the straw buyer loans to be closed under false and fraudulent pretenses by concealing from the Mortgage Lenders one or more of the following deceptive aspects of the loan transactions:

  a. that the buyer was a "straw buyer;"

b.  that the straw buyer had neither made a down payment nor invested any of his own funds, resulting in virtually all of the financial risk in the purchase and loan transaction being transferred to the Mortgage Lender;

c.  that the straw buyer was being paid a kickback or fee from the loan proceeds as an inducement to apply for the loan from the Mortgage Lender;

d.  that the straw buyer had no intention to occupy the home or to make payments on the loan;

e.  that the straw buyer had a materially smaller income stream and materially fewer assets than represented on his loan application, thereby lacking the financial wherewithal to qualify for the loan or to make the monthly payments on the loan after closing;

h.  that the loan closing documentation created the false appearance that the straw buyer had made a down payment to purchase the property;

i.  that material portions of the loan proceeds were not being paid to the seller, but to entities controlled by the defendants pursuant to false second mortgages or other fictitious liens or obligations against the property that appeared at the closing; and

j.  that loan funds paid out to the joint venture entities controlled by the defendants were being deposited into a general account and were used to make loan payments and related payments for the Haycock Properties in the place of the straw buyers and used to pay the costs related to planning and funding future straw purchase transactions.

17. It was further a part of the scheme and artifice to defraud that defendants HAYCOCK and SMITH, for a period of time, caused one of the Haycock Entities, instead of the straw buyers, to make payments on the straw purchase loans for the Haycock Properties in order to give the Mortgage Lenders the false impression that the loans were normal transactions and were performing appropriately. The defendants often referred to the account from which excess loan funds were drawn as the "slush fund."

18. It was further a part of the scheme and artifice to defraud that defendants HAYCOCK, JOHNSON and SMITH caused funds from the "slush fund" to be diverted to make

down payments, earnest money payments, or monthly loan payments on other straw purchase loans and other transactions related to the Haycock Properties.

19. It was further a part of the scheme and artifice to defraud that after defendants HAYCOCK and SMITH created the false appearance that the loans were performing, they caused one of the Haycock Entities to cease making payments on the loans, leaving the straw buyers with mortgages that they had no ability to repay, and Mortgage Lenders with non-performing loans secured by the properties worth far less than the outstanding loan balances.

## COUNTS 1 through 10
## 18 U.S.C. § 1341
## (Mail Fraud)

18. The allegations set forth in paragraphs 1 through 17 of this Indictment are incorporated herein by reference as though fully set forth herein.

19. On or about the dates enumerated in each count below, in the Central Division of the District of Utah, and elsewhere, for the purpose of executing and in furtherance of the scheme and artifice to defraud more particularly described in paragraphs 1 through 17 of this Indictment, and for obtaining money and property of the Mortgage Lenders by means of false and fraudulent pretenses, representations, and promises, and omissions of material facts, and attempting to do so, the defendants named below did knowingly deposit and cause to be deposited in any post office or authorized depository for mail the matter or thing listed below to be sent and delivered by the United States Postal Service or any private or commercial interstate carrier, and did cause such matter or thing to be delivered according to the directions thereon as more particularly described for each count below, and did aid and abet, counsel, command, induce, procure, and cause said mailing:

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF MAILING |
|---|---|---|---|---|
| 1 | 3/24/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD** | 11897 Harvest Moon Lane, Highland, Utah | Transfer of V.P. signed loan closing document package from Westland Title office (Salt Lake City, Utah) to the office of Shoreline Lending (Mission Viejo, California) via overnight common courier |
| 2 | 4/12/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD JOHNSON,** | 354 East Pheasant View Drive, Draper, Utah | Transfer of S.P. signed loan closing document package from Westland Title office (Salt Lake City, Utah) to the office of Argent Mortgage (Irvine, California) via overnight common courier (FedEx) |
| 3 | 4/21/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD JOHNSON,** | 1408 Military Way, Salt Lake City, Utah | Transfer of R.F. signed loan closing document package from Deer Creek Title office (Park City, Utah) to the office of Countrywide Bank (Jacksonville, Florida) via overnight common courier |
| 4 | 5/9/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD** | 15023 South Pastoral Way, Salt Lake City, Utah | Transfer of R.F. signed loan closing document package from Westland Title office (Salt Lake City, Utah) to the office of Shoreline Lending (Laguna Hills, California) via overnight common courier (FedEx) |

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF MAILING |
|---|---|---|---|---|
|  |  | JOHNSON, |  |  |
| 5 | 6/8/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 14788 South Shadow Grove Court, Draper, Utah | Transfer of C.M. signed loan closing document package from Brighton Title office (Midvale, Utah) to the office of Shoreline Lending (Laguna Hills, California) via overnight common courier (FedEx) |
| 6 | 7/26/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 891 East Osmond Lane, Provo, Utah | Transfer of G.S. signed loan closing document package from Surety Title office (Midvale, Utah) to the office of America's Wholesale Lender (Jacksonville, Florida) via overnight common courier (FedEx) |
| 7 | 10/6/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 533 East Mountainville, Alpine, Utah | Transfer of R.S. signed loan closing document package from Surety Title office (Midvale, Utah) to the office of Contrywide Bank (Jacksonville, Florida) via overnight common courier (FedEx) |
| 8 | 10/20/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD | 13595 Royal Chase Circle, Draper, Utah | Transfer of J.N. signed loan closing document package from Surety Title office (Midvale, Utah) to the office of America's Wholesale Lender (Jacksonville, Florida) via overnight common courier (FedEx) |

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF MAILING |
|---|---|---|---|---|
| | | JOHNSON, | | |
| 9 | 10/27/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 62 West Roberts Circle, Farmington, Utah | Transfer of S.P. signed loan closing document package from Surety Title office (Midvale, Utah) to the office of America's Wholesale Lender (Anaheim, California) via overnight common courier (FedEx) |
| 10 | 6/22/07 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 214 North Morningside Drive, Farmington, Utah | Transfer of T.R. signed loan closing document package from Surety Title office (Midvale, Utah) to the office of Paragon Home Lending (Brookfield, Wisconsin) via overnight common courier (FedEx) |

all in violation of Title 18, United States Code, Sections 1341, 2(a), and 2(b).

## COUNTS 11 through 22
## 18 U.S.C. § 1343
## (Wire Fraud)

20.    The allegations set forth in paragraphs 1 through 17 of this Indictment are incorporated herein by reference as though fully set forth herein.

21.    On or about the dates enumerated as to each count, in the Central Division of the District of Utah, and elsewhere, for the purpose of executing and in furtherance of the scheme and artifice to defraud more particularly described in paragraphs 1 through 17 of this

Indictment, and for obtaining money and property of the Mortgage Lenders as described below by means of false and fraudulent pretenses, representations, and promises, and omissions of material facts, and attempting to do so, the defendants named below did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, the writings, signs, signals, pictures, and sounds as more particularly described for each count below, and did aid and abet, counsel, command, induce, procure, and cause said wire transmission:

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| 11 | 3/29/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 11897 Harvest Moon Lane, Highland, Utah | Wiring of approximately $389,468.93 in Shoreline Lending loan proceeds related to mortgage loan number 2006-198093 from a bank outside the State of Utah on behalf of Shoreline Lending (Mission Viejo, California) to the account of Westland Title at Zions Bank (Salt Lake City, Utah) |
| 12 | 1/18/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 354 East Pheasant View Drive, Draper, Utah | Wiring of approximately $541,500.64 in Argent Mortgage loan proceeds related to mortgage loan number 0096464474 from a bank outside the State of Utah on behalf of Argent Mortgage (Irvine, California) to the account of Westland Title at Zions Bank (Salt Lake City, Utah) |
| 13 | 4/25/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and | 1408 Military Way, Salt Lake City, Utah | Wiring of approximately $1,680,807.68 in Countrywide Bank loan proceeds related to mortgage loan number 134995050 from a bank outside the State |

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| | | JAMIS MELWOOD JOHNSON. | | of Utah on behalf of CWB (Jacksonville, Florida) to the account of Deer Creek Title at Zions Bank (Salt Lake City, Utah) |
| 14 | 5/15/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 15023 South Pastoral Way, Salt Lake City, Utah | Wiring of approximately $549,592.22 in Shoreline Lending loan proceeds related to mortgage loan number 2006-198327 from a bank outside the State of Utah on behalf of Shoreline Lending (Laguna Hills, California) to the account of Westland Title at Zions Bank (Salt Lake City, Utah) |
| 15 | 6/12/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 14788 South Shadow Grove Court, Draper, Utah | Wiring of approximately $528,751.43 in Shoreline Lending loan proceeds related to mortgage loan number 2006-198420 from a bank outside the State of Utah on behalf of Shoreline Lending (Laguna Hills, California) to the account of Brighton Title at Zions Bank (Salt Lake City, Utah) |
| 16 | 7/10/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 10094 South Wasatch Boulevard, Sandy Utah | Wiring of approximately $615,101.29 in Mountain States Mortgage loan proceeds related to mortgage loan number 06060127 from a bank outside the State of Utah on behalf of Mountain States Mortgage (Salt Lake City, Utah) to the account of Brighton Title at Zions Bank (Salt Lake City, Utah) |
| 17 | 7/21/06 | RONALD WILLIAM HAYCOCK, SR., | 19 East Windsong Drive, Pleasant Grove, Utah | Wiring of approximately $155,505.46 in Mountain States Mortgage loan proceeds related to mortgage |

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| | | **LYLE CLAY SMITH, and** **JAMIS MELWOOD JOHNSON.** | | loan file number 94607 from a bank outside the State of Utah on behalf of Mountain States Mortgage (Salt Lake City, Utah) to the account of Surety Title at Bank of Utah (Sandy, Utah) |
| 18 | 7/25/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD JOHNSON.** | 891 East Osmond Lane, Provo, Utah | Wiring of approximately $1,011,118.59 in America's Wholesale Lender loan proceeds related to mortgage loan number 139219829 from a bank outside the State of Utah on behalf of America's Wholesale Lender (Jacksonville, Florida) to the account of Surety Title at Bank of Utah (Ogden, Utah) |
| 19 | 10/11/06 | **RONALD WILLIAM HAYCOCK, SR.,** **LYLE CLAY SMITH, and** **JAMIS MELWOOD JOHNSON.** | 533 East Mountainville, Alpine, Utah | Wiring of approximately $642,692.92 in Countrywide Bank loan proceeds related to mortgage loan number 151040337 from a bank outside the State of Utah on behalf of Countrywide Bank (Jacksonville, Florida) to the account of Surety Title at Bank of Utah (Ogden, Utah) |
| 20 | 10/20/06 | **RONALD WILLIAM HAYCOCK, SR.,** | 13595 Royal Chase Circle, Draper, Utah | Wiring of approximately $1,101,802.27 in America's Wholesale Lender loan proceeds related to mortgage |

| COUNT | DATE (On or About) | DEFENDANTS | PROPERTY ADDRESS | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| | | LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | | loan number 151644724 from a bank outside the State of Utah on behalf of America's Wholesale Lender (Jacksonville, Florida) to the account of Surety Title at Bank of Utah (Ogden, Utah) |
| 21 | 10/30/06 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON. | 62 West Roberts Circle, Farmington, Utah | Wiring of approximately $327,964.34 in Countrywide Home Loans loan proceeds related to mortgage loan number 153051527 from a bank outside the State of Utah on behalf of Countrywide Home Loans (Jacksonville, Florida) to the account of Surety Title at Bank of Utah (Ogden, Utah) |
| 22 | 6/25/07 | RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, and JAMIS MELWOOD JOHNSON, | 214 North Morningside Drive, Farmington, Utah | Wiring of approximately $302,495.34 in Paragon Home Lending loan proceeds related to mortgage loan number 119149PE from a bank outside the State of Utah on behalf of Paragon Home Lending (Brookfield, Wisconsin) to the account of Surety Title at Bank of Utah (Ogden, Utah) |

all in violation of Title 18,United States Code, Sections, 1343, 2(a) and 2(b).

**COUNT 23**
**18 U.S.C. § 1349**
**(Conspiracy)**

16

22. Beginning in or about mid 2005 to around August 2007, in the Central Division of the District of Utah, and elsewhere,

**RONALD WILLIAM HAYCOCK, SR.,
LYLE CLAY SMITH, and
JAMIS MELWOOD JOHNSON,**

defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States of America, that is: mail fraud, in violation of Title 18, United States Code, §1341; and wire fraud, in violation of Title 18, United States Code, §1343.

23. The object and the manner and means used to further the conspiracy are set forth in paragraphs 1 through 17 of this Indictment, and by this reference are fully incorporated in this Count of the Indictment.

24. In furtherance of the conspiracy and to effect the objects thereof, at least one of the conspirators committed at least one overt act in the District of Utah. The events set forth in each Count of Counts 1 through 17 each and individually constitute an overt act in furtherance of the conspiracy, and each overt act is incorporated in this Count of the Indictment as if fully set forth herein; all in violation of Title 18, United States Code, Section 1349.

## COUNTS 24 THROUGH 37

(Money Laundering, §18 U.S.C. 1956(a)(1)(A)(i), and §2)

25. Between on or about January 2006 and January 2007, the defendants did unlawfully and knowingly conduct and attempt to conduct approximately sixty-five (65) financial transactions totaling more than approximately Three Hundred Thousand Dollars ($300,000) in excess loan proceeds

generated by the mail fraud and wire fraud described in Counts 1 through 22 above.

26. On or about the dates set forth below, in the Central Division of the District of Utah and elsewhere, the defendants,

**RONALD WILLIAM HAYCOCK, SR.,
LYLE CLAY SMITH, and
JAMIS MELWOOD JOHNSON,**

did unlawfully and knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, that is, causing excess loan proceeds generated by the mail fraud and wire fraud described in paragraphs 1 through 23 above, and Counts 1 through 22 above, to be placed in the "slush fund" and from there used to make down payments, earnest money payments or monthly loan payments in order to promote other unrelated fraudulent loan transactions for the benefit of the defendants, knowing that the property involved in these transactions represented the proceeds of some form of unlawful activity, and which transactions in fact involved the proceeds of specified unlawful activity, that is, mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343 as described above, with the intent to promote the carrying on of specified unlawful activity, to-wit:

| Count | Date | Loan Generated Proceeds | Amount | Description of Financial Transaction |
|---|---|---|---|---|
| 24 | 10/27/2006 | 13595 South Royal Chase Circle | $2,543.68 | Monthly payment on 850 W 600 N, West Bountiful, UT 84087 |
| 25 | 10/27/2006 | 13595 South Royal Chase Circle | $20,278.33 | Monthly payment on 12091 S Draper Farm Cove, Draper, UT, 84020 |
| 26 | 10/27/2006 | 13595 South Royal Chase Circle | $25,000.00 | Transfer of funds to nominee buyer's account for a Verification of Deposit (VOD). |
| 27 | 10/02/2006 | 533 E. Mountainville | $4,557.05 | Monthly payment on 19 East Windsong, Pleasant Grove, UT 84062 |
| 28 | 10/02/2006 | 533 E. Mountainville | $4,688.41 | Monthly payment on 10094 Wasatch Blvd., Sandy, UT, 84092 |
| 29 | 05/18/2006 | 15023 Pastoral Way | $5,522.68 | Monthly payment on 14728 S. Pristine Way, Draper, UT 84020 |
| 30 | 05/18/2006 | 15023 Pastoral Way | $5,676.24 | Monthly payment on 1767 East Springdale Way, Draper, UT, 84020 |
| 31 | 06/19/2006 | 14788 S. Shadow Grove Court | $35,015.00 | Transfer of funds to nominee buyer's account for a Verification of Deposit (VOD). |

| 32 | 06/19/2006 | 14788 S. Shadow Grove Court | $5,522.68 | Monthly payment on 14728 S. Pristine Way, Draper, UT 84020 |
| 33 | 08/10/2006 | 19 E. Windsong Drive | $14,407.45 | Monthly payment on 1408 E Military Way, Salt Lake City, UT 84103 |
| 34 | 08/14/2006 | 19 E. Windsong Drive | $11,655.11 | Monthly payment on 1334 N Canyon Oaks Way, Salt Lake City, UT 8410 |
| 35 | 04/19/2006 | 354 E. Pheasant View Drive | $5,676.24 | Monthly payment on 1767 E. Springdale Way, Draper, UT 84020 |
| 36 | 04/19/2006 | 354 E. Pheasant View Drive | $11,100.58 | Monthly payment on 1334 N Canyon Oaks Way, Salt Lake City, UT 84109 |
| 37 | 04/03/2006 | 11897 Harvest Moon Lane | $4,061.40 | Monthly payment on 1769 E Burning Oak Dr., Draper, UT 84020 |
| 38 | 04/03/2006 | 11897 Harvest Moon Lane | $5,808.51 | Monthly payment on 14702 S. Pristine Way, Draper, UT 84020 |

All in violation of Title 18, United States Code, §1956(a)(1)(A)(i), and §2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

(18 U.S.C. Section 981(a)(1)(C); 28 U.S.C. Section 2461)

As a result of committing the felony offenses alleged in Counts 1 through 15 of the Indictment, each of which is punishable by imprisonment for more than one year, defendants RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, JAMIS MELWOOD JOHNSON, shall forfeit to the United States pursuant to 18 U.S.C. Section 981(a)(1)(C); 28 U.S.C. Section 2461 any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the said felony charges alleged in the Counts listed in this Notice, and any property traceable thereto, including but not limited to the following:

## PROCEEDS (MONEY JUDGMENT)

As to RONALD WILLIAM HAYCOCK, SR., LYLE CLAY SMITH, JAMIS MELWOOD JOHNSON: The approximate aggregate sum of Two Million Eight-Hundred Sixty-Five Thousand Dollars ($2,865,000) in United States currency received and diverted by RONALD W. HAYCOCK, SR., LYLE SMITH, JAMIS MELWOOD JOHNSON, in connection with the above-referenced offenses.

If more than one defendant is convicted of an offense, the defendants so convicted are jointly

and severally liable for the amount involved in such offense.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. Section 2461(c) and 21 U.S.C. Section 853 (p), to seek forfeiture of any property of said defendants up to the value of the above-forfeitable property.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

BRETT L. TOLMAN
United States Attorney

SCOTT J. THORLEY
Assistant United States Attorney