IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMIS MELWOOD JOHNSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:09-cr-133 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court the United States' Motion to Strike Defendant's New Trial Motion. On March 18, 2011, the jury returned a verdict finding defendant Jamis Melwood Johnson guilty on charges for mail fraud, wire fraud, conspiracy, and money laundering. Mr. Johnson timely filed a motion for new trial.[1] Before the government responded to that motion, defense counsel withdrew and Mr. Johnson's new counsel requested time to file an amended motion for new trial.[2] A substantial delay then ensued before Mr. Johnson filed his amended motion. The government seeks to strike the amended motion as untimely under Rule 33 of the Federal Rules of Criminal Procedure. For the reasons discussed below, the court grants the motion to strike.

## BACKGROUND

After receiving an extension of time, Mr. Johnson timely filed a motion for new trial on

---

[1] Dkt. No. 248.

[2] The motion was styled "Motion for Extention (sic) of Time to File a Motion for a New Trial." Dkt. No. 274. Because Mr. Johnson had already filed a motion for a new trial, the court deemed this to be a motion to amend or supplement the original motion.

April 15, 2011. The motion alleges the government violated a court order by raising issues during closing argument that had previously been excluded. *See generally* Motion for New Trial, 1 2 (Dkt. No. 248). The government requested and was granted an extension to respond to that motion. Before that response was filed, Mr. Johnson's initial counsel withdrew from the case and new counsel filed a motion requesting an extension of time to file an amended new trial motion. Counsel asserted he needed time to review the trial and pre-trial proceedings to determine whether a claim for prosecutorial misconduct was meritorious. Motion for Extension, 1 (Dkt. No. 274); *see also* Dkt. Nos. 304, 315. The nature of the prosecutorial misconduct was not stated.

The government did not object to the motion for extension of time to file an amended motion. Instead, it simply asked the court for additional time to respond to any new grounds raised by Mr. Johnson. *See* Dkt. No. 276. The court granted that extension as well as multiple other requests for extension of time. All without objection by the government. In the end, an amended motion was never filed by Mr. Johnson's second counsel. Instead, on April 12, 2012, that counsel withdrew on the ground of irreconcilable disagreements between counsel and Mr. Johnson. *See* Dkt. Nos. 320, 323.[3] By that point in time, more than a year had elapsed since Mr. Johnson had filed his initial motion for new trial.

The court appointed a third set of counsel for Mr. Johnson on April 20, 2012. *See* Dkt. No. 325. Prior to the appointment, Mr. Johnson represented to the court that he had interviewed the potential successor counsel and had found they had the requisite experience he was seeking. *See*

---

[3] Mr. Johnson filed several motions while he was represented by counsel. The court struck those motions from the record as improperly filed. The court therefore does not address them in this decision.

Letter (Dkt. No. 324. Based on Mr. Johnson's request, and for good cause appearing, the court appointed the counsel he had requested. Further delays then ensued while Mr. Johnson's third counsel reviewed the trial proceedings in order to prepare the amended motion for new trial. On July 23, 2012, the government filed its first objection to Mr. Johnson's latest request for extension of time to file an amended trial motion. *See* Dkt. No. 337. Due to complications associated with Mr. Johnson's incarceration and visual disability, the court overruled the objection and granted an additional extension of time.

On August 16, 2012, the court again was faced with another request for extension of time. At a hearing on the matter, the court noted the government's objection to the latest request due to the long delays that had already occurred in the case. For good cause shown, however, the court granted the requested extension until August 30, 2012. The court admonished counsel and Mr. Johnson that no further extension would be heard or considered. Despite this warning, counsel for Mr. Johnson failed to file the amended motion by August 30th. Instead, the amended motion was filed on September 11, 2012, with the caveat that "counsel is filing this motion in good faith as a tentative final, subject to final consultation with his client." Memo. in Supp. of Mot. for New Trial, 1 n.1 (Dkt. No. 350). The court struck the motion as untimely and set oral argument on the original motion for new trial.

At the hearing on February 20, 2013, Mr. Johnson presented argument that extended beyond his original motion for new trial. The court allowed the argument. The government objected to the new argument and requested time to respond appropriately to it, which the court granted. On March 4, 2013, the government filed a Motion to Strike Defendant's New Trial Motion that had effectively been made at the February 20th hearing. It contends the court may not address the new arguments

that were made because the arguments are untimely under Rule 33 of the Federal Rules of Criminal Procedure.

## ANALYSIS

Rule 33 states, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The United States Supreme Court has declared the time limitation under the rule is not jurisdictional. *Eberhart v. United States*, 546 U.S. 12, 13 (2005). It is, however, "an inflexible claim-processing rule" that cannot be altered by a party seeking a new trial. *Id.* at 13, 15 (quotations and citation omitted). Because the rule is a claim-processing rule, rather than a jurisdictional bar, the government can forfeit the rule if it "waits too long to raise the point." *Id.* at 15 (quotations and citation omitted).

In this case, the government failed to file an objection to Mr. Johnson's requested extensions until July 2012. This typically would constitute a forfeiture of the time limitation had Mr. Johnson filed his amended motion before the government noted any objection. Mr. Johnson, however, did not file his motion until September 2012. By that time, the government had filed two written objections based on untimeliness and the court's deadline for filing the motion had passed almost two weeks earlier.

Mr. Johnson contends the court should take notice of the representations that were made to the court prior to July 2012, where the court was informed about the grounds for the amended motion. Rule 33 does not specify that a motion for a new trial must be made in writing. It does state, however, that a new trial may be granted only "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This presumes the court has sufficient facts to determine whether the purported

grounds for a new trial are meritorious.  Merely stating the new motion will contain allegations of "prosecutorial misconduct" is insufficient to meet this standard.

This is so even in light of the procedural history of this case where the court found that a prosecutor had made improper representations to the court.  It was Mr. Johnson's burden to come forth with sufficient evidence to show how the outcome of the trial likely would have been different had those representations not occurred.  Evidence of that nature was not provided until after the government had already filed two written objections.  Accordingly, the court concludes that the time requirements under Rule 33 have not been met.  It further concludes that Mr. Johnson has not shown excusable neglect for his long delay in filing his amended motion.  The court therefore affirms its prior ruling striking the September 11, 2012 motion for new trial and grants the government's motion to strike the arguments made at the February 20, 2013 hearing to the extent they raised grounds not addressed in Mr. Johnson's original motion.  Any argument made at hearing, however, that pertained to the grounds stated in Mr. Johnson's original motion is expressly preserved.

## **CONCLUSION**

For the reasons stated above, the court GRANTS the United States' Motion to Strike Defendant's New Trial Motion.[4]  This ruling only strikes grounds not raised in Mr. Johnson's original motion.  Any arguments made at the February 20, 2013 hearing pertaining to grounds stated in Mr. Johnson's original motion are preserved.  The court grants the government leave to file a supplemental opposition to arguments made at the February 20th hearing.  Such briefing shall be **filed on or before May 1, 2013.**  Final oral argument on Mr. Johnson's motion for new trial shall

---

[4] Dkt. No. 361.

be heard on **May 15, 2013 at 10:30 a.m.** Mr. Johnson's counsel should be prepared to show how any argument made at hearing was preserved by the original motion for new trial.

DATED this 16th day of April, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge